**Kyle Thomas ROZEMA,**
**Plaintiff-Appellant,**

v.

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, United States Food and Drug Administration, Defendants-Appellees,**

**Philip Morris USA, ITG Brands, LLC, R.J. Reynolds Tobacco Company, Santa Fe Natural Tobacco Company, Inc., Intervenors.**

No. 16-1472

United States Court of Appeals, Second Circuit.

March 15, 2017

FOR APPELLANT: Kyle Thomas Rozema, pro se, Chicago, IL.

FOR APPELLEES: Karen Folster Lesperance, William F. Larkin, Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY; James C. Fraser, Associate Chief Counsel, United States Food and Drug Administration, Silver Spring, MD.

FOR INTERVENORS: Mark S. Brown, Ashley C. Parrish, King & Spalding LLP, Washington, D.C.; Kristen R. Ittig, Geoffrey J. Michael, Arnold & Porter, LLP, Washington, D.C.; Mark H. Lynch, Covington & Burling LLP, Washington, D.C.

PRESENT: ROBERT D. SACK, RAYMOND J. LOHIER, JR., Circuit Judges, GREGORY H. WOODS,* District Judge.

## SUMMARY ORDER

Kyle Thomas Rozema, pro se, appeals from a judgment of the District Court (Suddaby, C.J.) granting summary judgment in favor of the United States Food and Drug Administration ("FDA") and the United States Department of Health and Human Services with respect to Rozema's Freedom of Information Act ("FOIA") request. Rozema requested that the FDA

---

disclose data it had gathered detailing the quantity of menthol in cigarettes by brand. The District Court held that the information was properly withheld under FOIA's exemption for trade secrets and confidential commercial information. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

FOIA exempts from disclosure materials that contain "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Rozema acknowledges that the data he requested—the quantity of menthol in cigarettes by brand—contains trade secrets and confidential commercial information within the meaning of the FOIA exemption and is, therefore, exempt from disclosure. See Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys., 463 F.3d 239, 244 (2d Cir. 2006). Rozema has not identified any statutory provision that requires disclosure of the requested data. The FDA has not included menthol on its list of harmful and potentially harmful constituents, so the agency is not required to disclose menthol-related data under the Family Smoking Prevention and Tobacco Control Act. See 21 U.S.C. §§ 387d(d), (e). Nor has Congress obligated the FDA to add menthol to its harmful constituents list and disclose the data. See id. § 387g(e)(3). We therefore conclude that the FDA correctly applied the FOIA exemption to deny Rozema's FOIA request. 5 U.S.C. § 552(b)(4).

We have considered Rozema's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.